**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARK ANTHONY GRANT,

    Petitioner,

v.                                                               Case No. 8:06-CV-538-T-30MAP

JAMES McDONOUGH, et al.,

    Respondents.
_____/

**O R D E R**

Petitioner, an inmate of the Florida penal system, initiated this action *pro se* by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. Having undertaken a prompt preliminary review of the petition in accord with Rule 4, Rules Governing Section 2254 Cases in United States District Courts (2005), the Court concludes that the petition is subject to summary dismissal without service upon the Respondents.

According to Petitioner's sworn statements, two of the four claims raised in his petition were raised in a state application for post-conviction relief filed pursuant to Fla. R. Crim. P. 3.850, which is currently pending before the state court (Dkt. 1 at 12 and 14). It is well settled that "federal district courts must dismiss 'mixed' habeas corpus petitions – those containing both unexhausted and exhausted claims." *Pliler v. Ford*, 542 U.S. 225, 227 (2004) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). In recognition of the nature of comity between the national and state sovereignties in our federal system, this Court should give the state

court an opportunity to rule on Petitioner's challenge to his judgment of conviction and sentence. Thus, this case will be dismissed without prejudice to allow Petitioner the opportunity to exhaust his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A).

ACCORDINGLY, the Court **ORDERS** that:

1. The petition for writ of habeas corpus is **DISMISSED** without prejudice[1] (Dkt. #1).

2. The **Clerk** shall enter judgment accordingly, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 24, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Petitioner
SA:jsh

---

[1] This dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d). Petitioner should note that the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)); however, the time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).